In the Matter of the Claim of HAROLD STEWART, Respondent, against MERGENTHALER LINOTYPE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from decision of the Workmen's Compensation Board which determined that claimant's heart pathology was the result of an accident. Claimant, 61 years old, was a parts inspector for his employer and on September 7, 1956 sustained an industrial accident when he lost his balance and fell while pulling materials weighing approximately 200 pounds. He described his going home and to bed and eventually on September 10 consulting his family physician who diagnosed his condition as a sprained back. He entered a hospital and received traction treatments, bed rest and sedation until September 21 when he was discharged as improved. He received further hospitalization in October and November. In February, 1957 he again went to the hospital where he was found to be suffering from a fractured rib and cardiac pathology. When he testified at a hearing on June 15, 1958, for the first time he said that a can struck him on the chest at the time of his fall. The sole question is whether there is any causal relationship between the injury of September 7, 1956

and the cardiac pathology found on February 20, 1957. The doctors who attended claimant following the September accident testified on behalf of the carrier that there was no complaint at the time as to any chest condition and that they were unable to associate any relationship between the injuries suffered in the accident and the subsequent heart complaints. The hospital records of claimant for September and October, 1956, verify the doctors in that they show no cardiac complaints or findings. The claimant produced Dr. Fuchs who testified he represented Dr. Kaufman who had moved from the State. The basis of the doctor's testimony consisted of conversations with the claimant and two reports from Dr. Kaufman which are part of the record. That these could not be a proper foundation for the doctor's testimony is self-evident. Dr. Kaufman's first report, dated October 11, 1957, stated: "About 3 weeks after injury, he was admitted to Meadowbrook Hospital, L. I., N. Y., for heart disease". The testimony of the claimant's attending physicians and the hospital record demonstrate the erroneous assumption of the doctor. In his next report, dated December 20, 1956, he stated: "Within 2 days of the chest injury, he developed severe pain in the chest and dyspnoea and this became progressively worse until admission to Meadowbrook Hospital, E. Meadow, L. I., N. Y., in November 1956 for cardiac condition." There is no fulcrum in the record for these statements and they appear to be in contradiction of each other as to his admissions to the hospital. Even with these most favorable statements, Dr. Fuchs said: "This man's heart pathology could be related to the trauma that he sustained. That's all I'm saying." He further testified that such pathology should have manifested itself in a much shorter time following the accident, possibly within 48 hours. Such medical testimony, based upon erroneous hypothesis and itself indefinite, cannot be considered substantial and this is so particularly where five doctors, including claimant's personal physician, testified on behalf of the carrier to the contrary. The evidentiary weight to be given medical reports has been considered in *Matter of Bochkarev* v. *Henry's Landscaping Serv.* (10 A D 2d 398). Decision and award reversed and remitted, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.